IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-504-H

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR.; (a minor) ) <br> J.F.D., Suing by, her and next friend, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MELANIE A. SHEKITA, individually and ) <br> as as a Wake County N.C. Assistant District ) <br> Attorney for the State of N.C.; MICHELLE ) <br> SAVAGE, individually and as a Police ) <br> Detective for the Cary North Carolina Police ) <br> Department; DANIELLE DOYLE, ) <br> individually and as a Wake County North ) <br> Carolina Department of health and human ) <br> services child protective services Social ) <br> worker; ERIC CRAIG CHASSE individually ) <br> and as a wake County North Carolina Family ) <br> Court Judge; MIKE EASLEY, BEVERLY ) <br> PURDUE, individually and as governors of ) <br> the State of North Carolina, ) <br> ) <br> Defendants.[1] ) | **ORDER and <br> MEMORANDUM and <br> RECOMMENDATION** |

The above captioned matter is before the court on the motion (D.E. 5)[2] by plaintiffs William Scott Davis, Jr. ("Davis") and his minor child, J.F.D., apparently intended to be suing by Davis as her next friend[3] (collectively "plaintiffs") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The

---

[1] The Clerk shall conform the caption in the docket sheet to that set forth above, which replicates that set out in the complaint.

[2] This is the second motion to proceed *in forma pauperis* filed in this matter. An earlier motion was filed at D.E. 1 using a shorter form containing less information. The court will address the second motion because it contains more information and presumably reflects a more current picture of Davis's financial situation.

[3] Davis does not, in fact, have authority to pursue pro se litigation of any claims on behalf of J.F.D. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 399 (4th Cir. 2005) (holding that pro se, non-attorney parents "generally may not litigate the claims of their minor children in federal court"). This is an additional ground for dismissal beyond those discussed below.

motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and the frivolity review pursuant to § 636(b)(1)(B).

## ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiffs have adequately demonstrated their inability to prepay the required court costs. Their motion to proceed *in forma pauperis* is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

I. BACKGROUND

    A.    Davis's History of Filing Frivolous Actions

The present action is just one in a litany of cases that Davis (who is clearly the principal, if not only, actor behind this litigation) has attempted to bring in this and other courts in his pursuit of a confusing and expansive array of claims arising out of proceedings in the state of North Carolina involving Davis's custodial rights to his daughter and other related domestic matters. The disorganized and sometimes incoherent manner in which Davis has attempted to present his claims in these actions, often through voluminous and repetitive filings, makes them, at best, difficult to comprehend. A previous order by Senior United States District Judge James C. Fox dismissing one of Davis's actions as frivolous sets forth an apt summary of the seemingly boundless scope of the alleged transgressions against Davis:

> As best the court can tell, most of [Davis's] "claims" are oriented around what he alleges is a grand conspiracy involving the coordinated efforts of dozens, if not hundreds, of public and private persons to deny him his custodial rights to his daughter, convict him of fabricated criminal charges, perpetrate extensive fraud on the state courts of North Carolina, and otherwise destroy his life and violate his rights under federal law. [Davis] appears to believe that this conspiracy is primarily motivated by the defendants' discriminatory animus against him for, *inter alia*, his gender, his race, his interracial marriage, and his interracial child.

11 June 2012 Order (D.E. 10) at 10-11, *Davis v. State of N.C.*, No. 5:11-CT-3258-F (E.D.N.C.); *see also* 8 Aug. 2013 Order (D.E. 44) at 9, *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.) ("As best as the court can tell from [Davis's] rambling, disjointed complaints, he alleges that almost everyone tangentially connected to the proceedings was engaged in a conspiracy to deprive him of various rights.").

As a result of Davis's incessant attempts to raise the same frivolous claims in this court, Judge Fox entered an order on 8 August 2013 directing Davis to show cause why he should not be subject to a pre-filing injunction. 8 Aug. 2013 Order (D.E. 44) at 2, *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.). In that order, Judge Fox noted that Davis has filed a total of nine cases in this court and that five additional cases have been transferred to this court from the Eastern District of Virginia,[4] *id.*, and, further, that "[a]lmost every action has been summarily dismissed or remanded," *id.* at 3. Judge Fox's determination of whether a pre-filing injunction should be entered is currently pending.

The United States Court for the Eastern District of Virginia has also fallen victim to Davis's excessive filing. On 14 November 2013, Chief United States District Judge Rebecca

---

[4] Specifically, Judge Fox noted as follows:

> Davis has filed four actions in this court. *See Davis v. State of North Carolina*, 5:11-CT-3258-F; *Davis v. Perdue*, 5:12-CV-593-FL, *Davis v. Shekita*, 5:12-CV-504-H [*i.e.*, the instant case]; *Davis v. Bousman*, 5:12-mc-48 [now civil case no. 5:14-CV-6-BO]. Five additional actions filed by Davis have been transferred to this district from the Eastern District of Virginia. *Davis v. Town of Cary*, 5:08-CV-176-BO, April 8, 2008 Order (order from the Eastern District of Virginia transferring the action to this district); *Davis v. Singer*, 5:08-CV- 186-FL, April 15, 2008, Order (the same); *Davis v. Wilkinson*, 5:11-CV-31-BO, January 9, 2011, Order (the same); *Davis v. Hunt*, 5:11-CV-35-D, January 24,2011, Order (the same); *Davis v. Durham*, 5:11-CV-36-H, January 24,2011, Order (the same). Additionally, Davis has filed notice of removals in five different actions. *See Wake County Human Services v. Davis*, 5:12- CV-413-BO, December 12, 2012, Order (adopting M&R and ordering that the removed action be remanded to Wake County District Court); *State of North Carolina v. Davis*, 5:13-mc-43 [now civil case no. 5:14-CV-7-F], June 3, 2013, Notice of Removal; *Wake County Human Services v. Davis*, 5:12-mc-37 [now civil case no. 5:14-CV-3-F], July 5, 2013, Notice of Removal; *Wake County Human Services v. Davis*, 5:12-mc-38 [now civil case no. 5:14-CV-4-F], July 5, 2013, Notice of Removal; *Wake County Human Services v. Davis*, July 5, 2013, Notice of Removal.

8 Aug. 2013 Order at 2, *Davis v. Mitchel*.

Beach Smith issued a pre-filing injunction against Davis in that district, *see* 14 Nov. 2013 Order (D.E. 11), *Davis v. Jaworski, et al*, No. 4:13-CV-63 (E.D. Va.), for the reasons set forth in the predicate show-cause order, including "[h]is ongoing campaign of litigation [which] is vexatious, repetitive, and unduly burdensome to the court," *see id.*, 21 May 2013 Order to Show Cause (D.E. 2) at 3. According to Chief Judge Beach Smith in the show-cause order, Davis had filed 30 actions in that district since 2008. *Id*. at 1. And, except for two that remained pending, all had been dismissed. *Id*. at 1-2.

The state courts of North Carolina, where most of the matters forming the basis of Davis's various claims originated, have also been subjected to Davis's abusive filing. As a result, Wake County Human Services ("WCHS"), the plaintiff in the instant matter, brought a civil action against Davis on 17 March 2009 for abuse of process arising out of Davis's misuse of the legal process and seeking damages and injunctive relief in the form of a pre-filing injunction. (*See* WCHS Mot. to Strike Not. of Rem. (D.E. 5) 2; 17 Mar. 2009 Compl. (D.E. 5-1) 4-16). On 12 September 2012, Wake County Superior Court Judge Paul C. Ridgeway awarded judgment to WCHS and entered a permanent injunction against Davis prohibiting further filing by him in any North Carolina court without first seeking permission from the court or obtaining a Rule 11 certification from a duly licensed North Carolina attorney. (*See generally* 12 Sept. 2012 J. (D.E. 5-2)). In the judgment and pre-filing injunction order, Judge Ridgeway made the following findings of fact:

> 5. Defendant has repeatedly engaged in conduct that has impeded the proper administration of justice, abused process and violated numerous provisions and rules intended to protect the dignity and integrity of the judicial process.
>
> 6 Defendant has filed numerous unsubstantiated allegations both orally and in writing, frivolous filings both in a juvenile proceeding in District Court in which he is involved, and in other courts.

7. The court finds that in some filings defendant has breached confidentiality statutes, filed frivolous appeals, petitions for certiorari and attempted ex parte communications to the presiding judge in the underlying juvenile case.

8. Defendant has engaged in a constant pattern of filing frivolous suits, complaints to regulatory agencies and frivolous pleadings against numerous individuals including lawyers, judges and social workers . . . .

(*Id.* at 2 ¶¶ 5-8). Judge Ridgeway further concluded that Davis was "a vexatious litigant whose access to the courts is being abused and misapplied for oppressive and vexatious ends." (*Id.* at 7 ¶ 3).

B. **The Instant Action**

Consistent with his pattern of frivolous filing, Davis is again attempting in the instant action to raise claims related to or ultimately arising from domestic matters adjudicated by the state courts of North Carolina. He has titled the complaint[5] as follows:

> CIVIL RIGHTS: CHILDWEFARE [SIC] FRAUD
> Wrongful invasion of expectation of Privacy
> STATE CREATED DANGER
> Tolling Statue of Limitation in the totality of,
> circumstances that is one continuous ongoing act
> Amended Pursuant to LCR 17.1 (d)

(Am. Compl. 1). The complaint names as defendants former Governors Mike Easley and Beverly Perdue, a state judge, and other various state and local officials. (Am. Compl. 3-4 ¶¶ 5-12). The court is unable to glean from the allegations in the complaint the exact nature of the claims it is attempting to assert against the defendants except that, as with all of Davis's prior actions, they relate to various family court proceedings involving his daughter. (*See generally* Am. Compl. ¶¶ 2-3). The complaint alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4).

---

[5] Davis filed both a proposed complaint (D.E. 1-1) and a proposed amended complaint (D.E. 9). The court will consider the proposed amended complaint for the purposes of its review.

## II.    DISCUSSION

### A.    Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, it is a party's "abuse of the legal process" which renders an action subject to dismissal as malicious. *Galeas v. Byrd*, No. 3:11-cv-543-RJ, 2011 WL 6370373, at *3 (W.D.N.C. 20 Dec. 2011); *see also Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint plainly abusive of the judicial process is properly typed malicious."). An action may be abusive of the legal process where it "merely repeat[s] pending or previously litigated claims." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *see also Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive and a court may look to its own records to determine whether a pleading repeats prior claims."). In determining whether an action should be dismissed as malicious under § 1915, "[a] plaintiff's past litigious conduct should inform a district court's discretion." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (citing *In re McDonald,* 489 U.S. 180 (1989) (denying request to proceed *in forma pauperis* based, in part, on abusive number of filings)); *see also Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) ("[T]he Court draws on its previous experience with the litigant in evaluating the character of the present complaint.").

B.  Analysis

As discussed in detail above, the instant proposed amended complaint again attempts to pursue claims arising from a seemingly boundless conspiracy to deprive Davis of various rights. The complaint named as defendants former Governors Mike Easley and Beverly Perdue, a state judge, and other various state and local officials[6] who appear to have been involved in the domestic proceedings that are at the center of all of Davis's complaints.  Having reviewed the entire complaint, the court concludes that it should be dismissed for the same reasons set forth in orders dismissing two of Davis's prior cases in this court.  Specifically, the court concludes that the complaint:

> 1) fail[s] to comply with the "short and plain statement" requirement of Rule 8 of the Federal Rules of Civil Procedure; 2) [is] "so implausible that . . . [it] arguably should be summarily dismissed as frivolous"; and 3) fail[s] to state a claim upon which relief could be granted.

*Davis v. Mitchel*, No. 5:12-CV-493-F, 2012 WL 8746406, at *2 (E.D.N.C. 31 Aug. 2012) (mag. judge's rep. & recommendation), *adopted,* 2013 WL 4041855 (8 Aug. 2013) (quoting *Davis v. State of N.C.*, 5:11-CT-3258-F, 11 June 2012 Order (DE-10) 5-7).  Accordingly, it will be recommended that this case be dismissed as both frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, despite having been repeatedly informed by this and other courts that the claims he seeks to pursue are frivolous, Davis is again attempting to burden this court with yet another frivolous complaint.  The court finds this nothing less than abusive.  Accordingly, the

---

[6] Some of the defendants named in the instant action have been named as defendants in other actions filed by Davis. *See, e.g., Davis v. Bousman,, et al.*, 5:14-CV-6-BO (E.D.N.C. 10 Aug. 2012 E.D.N.C.) (naming former Governor Perdue and Judge Eric Chasse); *Davis v. State of North Carolina, et al.*, No. 5:11-CT-3258-F (E.D.N.C. 8 Dec. 2011) (same).

court concludes that this matter is alternatively subject to dismissal as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Pittman,* 980 F.2d at 995.

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send a copy of this Memorandum and Recommendation to plaintiffs, who shall have 14 days from service thereof to file written objections. Failure to file timely written objections bars plaintiffs from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 10th day of January 2014.

_____
James E. Gates
United States Magistrate Judge